UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LAWRENCE FELTZIN, Individually,

        Plaintiff,

vs.

ALROSE KING DAVID LLC,
a New York Limited Liability Company,
and STABILIS FUND IV, LP,
a Delaware Limited Partnership,

        Defendants.

Case No. 1:15-CV-05509-LDH-RER

---

# FIRST AMENDED COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, LAWRENCE FELTZIN, Individually, on his behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendants, ALROSE KING DAVID LLC, a New York Limited Liability Company, and STABILIS FUND IV, LP, a Delaware Limited Partnership (sometimes referred to as "Defendants" or "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

    1.    Plaintiff, Lawrence Feltzin, is an individual residing in Boynton Beach, Florida, in the County of Palm Beach.

    2.    Am property, Alegria Hotel, is located at 80 W. Broadway, Long Beach, NY 11561, in the County of Nassau.

    3.    Venue is properly located in the Eastern District of New York because venue lies in the judicial district of the property situs. The Defendants' property is located in and does

business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. §2201 and §2202.

5. Plaintiff Lawrence Feltzin is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Feltzin is a paraplegic, and uses a wheelchair to ambulate. Lawrence Feltzin has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property, which have impaired Mr. Feltzin's ability to access guestrooms, to park safely at the premises, to safely access goods and services at the premises, to use restrooms safely at the premises, and to use the pool.

6. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is a hotel known as Alegria Hotel, and is located at 80 W. Broadway, Long Beach, NY 11561.

7. Lawrence Feltzin has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 9 of this First Amended Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Mr. Feltzin travels to New York to

visit with friends and family who reside in New York. Lawrence Feltzin desires to visit the Alegria Hotel not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8.  The Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

9.  The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Alegria Hotel has shown that violations exist. These violations that Mr. Feltzin has personally observed or encountered, and which were verified by an ADA expert, include, but are not limited to:

### Parking and Exterior Accessible Route

a.  Plaintiff, Larry Feltzin as a guest of the hotel was effected by a lack of accessible parking at the Hotel, violating Section 502 of the 2010 Accessibility Standards.

b.  Allegria Hotel fails to provide a safe accessible route for those in wheelchairs at the Passenger Loading Zone, violating Section 503 of the 2010 Accessibility Standards. Mr. Feltzin was unable to unload freely and safely from his vehicle to check-in.

c.  The exterior accessible route to enter Allegria Hotel is impeded by slopes at the base of the door behind limits, violating Section 404 of the 2010 Accessibility Standards.

### Access to Goods and Services

a.  Lowered counters for accessible use at check-in at Allegria Hotel are not provided, violating Section 904 of the 2010 Accessibility Standards. Mr. Feltzin was impeded by a lack of reach range while accessing the desk.

3

      b.     Allegria Hotel fails to provide desks with adequate knee clearance, violating Section 306 of the 2010 Accessibility Standards.

      c.     Phones and other elements throughout Allegria Hotel are mounted beyond the reach of Mr. Feltzin and those in wheelchairs, violating Section 308 of the 2010 Accessibility Standards.

      d.     Allegria Hotel fails to provide accessible tables at restaurants in the hotel, violating Section 902 of the 2010 Accessibility Standards.

      e.     Entering and exiting rooms at the hotel is impeded by a lack of latch side clearance, violating Section 404 of the 2010 Accessibility Standards.

      f.     Allegria Hotel fails to provide a pool lift, violating Section 1009 of the 2010 Accessibility Standards.

### Hotel Guestrooms and Restrooms

      a.     Allegria Hotel provides accessible guestrooms with roll-in showers that fail to comply with, violating Section 607 of the 2010 Accessibility Standards. Mr. Feltzin was unable to use the roll-in shower freely and safely due to inadequate maneuvering space.

      b.     Desks in guestrooms fail to provide adequate knee clearance for those in wheelchairs, violating Section 306 of the 2010 Accessibility Standards.

      c.     Allegria Hotel provides improper hardware and other essential elements lack accessibility in the guestrooms, violating the 2010 Accessibility Standards.

      d.     Restrooms provided in the guestrooms and lobby is improperly designed and Mr. Feltzin was unable to use the restroom freely and safely, violating Section 601 of the 2010 Accessibility Standards.

### Maintenance

      e.     The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

10.     The foregoing violations also violate the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

11. The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendants has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm.

Considering the balance of hardships between Plaintiff and Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

14. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendants is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the Alegria Hotel to make the facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants

cures its violations of the ADA. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Date: January 16, 2018

Respectfully submitted,

*s/ Lawrence A. Fuller*
Lawrence A. Fuller, Esq. (LF 5450)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
Lfuller@fullerfuller.com
and
Keith Harris, Esq. (KH4604)
Braff, Harris, Sukoneck & Maloof
305 Broadway
New York, NY 10007
(973)994-6777
Fax: (973)994-1296
Email: kharris@bhs-law.com

Counsel for Plaintiff Lawrence Feltzin

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed this 16th day of January, 2018, via the Court's CM/ECF system, which will automatically generate a notice to counsel for Defendant Alrose King David LLC, Akiva M. Cohen, acohen@kusklaw.com, Kamermahn, Uncyk, Soniker & Klein, P.C., 156 Fifth Avenue, 10th Floor, New York, NY 10010. Defendant Stabilus Fund IV, LP will be served via service of process c/o Corporation Service Company, 80 State Street, Albany, NY 12207-2543.

*/s/ Lawrence A. Fuller*
Lawrence A. Fuller, Esq. (LF 5450)
Lawrence A. Fuller, Esq. (LF 5450)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
Lfuller@fullerfuller.com
*Counsel for Plaintiff*